JULIA FOSTER

*v.*

THE UNION NATIONAL BANK OF RAHWAY et al.

After five mortgages had been given on a tract of land, a small strip thereof was condemned and taken for a railroad track, and the owner paid therefor. The fourth and fifth mortgages, held by the bank, were subsequently foreclosed, the mortgagor being made the only defendant. At the foreclosure sale thereunder the bank bought the premises. Afterwards the second mortgage was foreclosed, making the railroad company a defendant, among others,

Foster *v.* Union Bank.

and the bank came in and proved its mortgages.—*Held,* that the decree should order, first, the sale of all the land (excepting the strip condemned) to satisfy, in order, all five of the mortgages, and in case of a deficiency, then the sale of that strip.

Bill to foreclose.    Motion to vacate order staying sale obtained by the Central Railroad Company of New Jersey and its receiver.

*Mr. T. N. McCarter,* for the motion.

*Mr. B. Williamson, contra.*

THE CHANCELLOR.

This suit was brought to foreclose a mortgage for $2,000 and interest, given to the complainant November 15th, 1870, on a tract of seventy acres of land in Perth Amboy.    There is a prior mortgage on the property, and also three subsequent ones.    Two of the latter—the last two—are held by the Union National Bank of Rahway, and all of them were given prior to the taking by condemnation of part of the land (two and eight-hundredths acres) by the Perth Amboy and Elizabeth Port Railroad Company.    That company was subsequently, in 1873, merged in and consolidated with the Central Railroad Company of New Jersey.    The amount of the award on the condemnation was paid to Moritz Pinner, who then owned the property, and he executed to the company his confirmatory deed of conveyance for the land condemned.    In May, 1873, the bank filed its bill in this court, but only against Pinner, to foreclose its two mortgages.    A final decree for sale of the mortgaged premises to pay the bank the amount due on its mortgages, $10,102.75, besides interest thereon and costs and counsel fees, was entered May 4th, 1875.    The land taken by the railroad company, however, was not sold under the execution, but the rest of the property was, and the bank bought it for $100 or thereabouts, leaving a large sum still due on its decree.    The sale was made in 1877.    Subsequently to the filing of the bill in that suit this suit was begun.    The Perth Amboy

and Elizabeth Port Railroad Company was made a party to this suit. There was no answer by it, and a decree *pro confesso* was taken. Neither the Central Railroad Company nor the receiver was made a party. A final decree was entered and an execution issued for the sale of the mortgaged premises. It decrees that because of the foreclosure proceedings and sale thereunder before mentioned, the bank's mortgages are a lien on the railroad land, and orders that the whole of the mortgaged premises, except that land, be sold to pay the first three mortgages (but not the bank's), and that if it proves insufficient to pay them, then the railroad land is to be sold to raise the deficiency and to pay the bank's mortgages. The Central Railroad Company and the receiver seek an amendment of the decree. The bank, on the other hand, insists that they have, by negligence, lost their right to be heard on the subject. This latter objection cannot be maintained. In 1878 the decree was opened and the Central Railroad Company and its receiver made parties with leave to answer. They answered, and there the matter rested until this motion was made. The merits are now before me, and it is proper that they should be adjudicated upon. It is quite clear that the decree is erroneous. The bank's foreclosure was a nullity as against the railroad company and its receiver, and the bank very properly, in this suit, proved its claim for the amount due on its mortgages. *Vanderkemp* v. *Shelton, 11 Paige 28; Parker* v. *Child, 10 C. E. Gr. 41; Chilver* v. *Weston, 12 C. E. Gr. 435; Atwater* v. *West, 1 Stew. Eq. 361.* By its foreclosure it obtained all the rights of Pinner, but nothing more. The decree should provide for the sale, in the first place, of all the land, except that of the railroad company, to raise the money due on the several mortgages, including those of the bank, and then for the sale of that land in case there should be a deficiency. It will be amended accordingly.